UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TRUSTEES OF THE SHEET METAL WORKERS LOCAL UNION NO. 17 INSURANCE FUND, *et al.*, | * * * * * | |
| Plaintiffs, | * | Civil Action No. 21-cv-10680-ADB |
| v. | * * * | |
| PHILS HVAC, INC., *et al.*, | * * | |
| Defendants. | * * | |

### MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR A DEFAULT JUDGMENT

BURROUGHS, D.J.

In this action, Plaintiffs allege that Defendant Phils HVAC, Inc. ("Phils") violated various provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Relations Management Act ("LRMA"). [ECF No. 7 ("Am. Compl.")]. Currently before the Court is Plaintiffs' motion for a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1). [ECF No. 19]. They seek a judgment in the amount of $76,113.49 consisting of: (1) $46,468.63 in unpaid ERISA contributions; (2) $7,920.48 in pre-judgment interest; (3) $9,293.73 in liquidated damages; (4) $11,025.00 in attorneys' fees; and (5) $1,405.65 in costs. [Id. at 2; ECF No. 29 at 1 (amended request for attorneys' fees)]. Although it must be evaluated under Federal Rule of Civil Procedure 55(b)(2) rather than 55(b)(1), for the reasons stated below, the motion is GRANTED.

In April, 2021, Plaintiffs sued Phils, alleging ERISA and LRMA violations. [ECF No. 1]. In May 2021, Plaintiffs filed an amended complaint, adding two reach-and-apply defendants. [Am. Compl. ¶¶ 13–14]. On June 30, 2021, the clerk entered a default against Phils. [ECF No.

11]. On July 29, 2021, Plaintiffs sought an extension of time within which to file a motion for a default judgment, [ECF No. 14], which the Court granted, [ECF No. 15]. Plaintiffs filed the instant motion on August 27, 2021, [ECF No. 19], and, at the Court's request, [ECF No. 28], made a supplemental filing concerning attorneys' fees and costs on September 30, 2021, [ECF No. 29 (letter); ECF No. 29-1 (costs invoice); ECF No. 29 (fees invoice)].

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Here, Plaintiffs must utilize Rule 55(b)(2) because their request for attorneys' fees "prevents the clerk from entering a judgment under Rule 55(b)(1)," as the reasonableness of the attorneys' fees requires judicial review. Int'l Union of Operating Eng'rs, Loc. 4 v. Stanley Excavation, 243 F.R.D. 25, 27 n.5 (D. Me. 2007) (quoting 10A C.A. Wright, A.R. Miller & M.K. Kane, Federal Practice & Procedure § 2683 (1998)). Further, "[i]f the plaintiff is seeking both a sum certain . . . and damages that require judicial determination under Rule 55(b)(2), the entire matter, including the sum certain, must be determined under Rule 55(b)(2)." Id. (citing Conetta v. Nat'l Hair Care Ctrs., Inc., 186 F.R.D. 262, 268 (D.R.I. 1999)).

By defaulting, Phils conceded the truth of the factual allegations in the complaint. See In re Home Rests., Inc., 285 F.3d 111, 114 (1st Cir. 2002) (citing Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999) and Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 13 (1st Cir. 1985)). Notably, Phils admitted that it failed to make contributions for work done under the collective bargaining agreement, [Am. Compl. ¶¶ 16–23], which is an ERISA

violation, 29 U.S.C. § 1145.  Plaintiffs are therefore entitled to the unpaid contributions, interest, liquidated damages, and reasonable attorneys' fees and costs.  29 U.S.C. § 1132(g)(2).

With respect to unpaid ERISA contributions, pre-judgment interest, and liquidated damages, the Court finds that the sums requested by Plaintiffs are supported by their submissions.  See [ECF No. 21 (Mr. Keogh's affidavit); Am. Compl.].  With respect to attorneys' fees and costs, the Court finds that the sums requested, $11,025.00 and $1,405.65, respectively, are reasonable and supported by Plaintiffs' filings.  See [ECF Nos. 29, 29-1, 29-2].  The Court reaches this conclusion based on its general knowledge of litigation costs, billing rates charged by Boston-area attorneys, and the legal work required in this case.[1]

Thus, Plaintiffs' motion for default judgment, [ECF No. 19], is GRANTED.  Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court will enter judgment in Plaintiffs' favor against Phils in the amount of $76,113.49, which consists of:

1. $46,468.63 in unpaid ERISA contributions;

2. $7,920.48 in pre-judgment interest;

3. $9,293.73 in liquidated damages;

4. $11,025.00 in attorneys' fees; and

5. $1,405.65 in costs.

**SO ORDERED.**

October 6, 2021                                   /s/ Allison D. Burroughs
                                                  ALLISON D. BURROUGHS
                                                  U.S. DISTRICT JUDGE

---

[1] The Court is not required to conduct a hearing and declines to do so.  See Fed. R. Civ. P. 55(b)(2) ("The court *may* conduct hearings or make referrals . . . ." (emphasis added)).